(No. Unassigned—)

*In re* PETITION OF LOUIA MCDONALD

*Opinion filed December 21, 1992.*

LOUIA MCDONALD, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (JAMES MAHER III and ANDREW LEVINE, Assistant Attorneys General, of counsel), for Respondent.

OPINION

MONTANA, C.J.

This claim is before the Court on the petition for extension of time to file necessary documents to claim compensation under the Illinois Crime Victims Compensation Act (Ill. Rev. Stat., ch. 70, par. 71 *et seq.*), hereinafter referred to as the Act. Section 6.1(a) of the Act requires that an application be filed within one year of the date of the crime upon which the claim is based. This Court can extend that period up to another year. In an order dated April 4, 1991, this Court determined that Claimant's petition was not timely. The Claimant then sent a letter to the Court indicating he disagreed with the

Court's decision. Pursuant to the Act, Claimant was granted a hearing before Commissioner Phillip A. Turner. Commissioner Turner has duly filed his report with the Court.

The issue in this matter is whether Mr. McDonald's claim which was filed on December 31, 1991, more than two years after the crime occurred on June 23, 1987, is timely. The record shows that Mr. McDonald stated he filed his claim when he did because he was not aware of the time limits and because he was under emotional stress caused by the death of his wife, the victim of the crime. Mr. McDonald further stated he was not hospitalized during the period in which he was to file the claim. However, he did see a counselor whom he believed to be a psychiatrist. He also was not taking any drugs which affected his mind. After the death of his wife in 1987 until March 15, 1990, he was working for Coca Cola Bottling Company as a forklift operator. He paid his rent in a timely fashion and generally did not exhibit any behavior from which one could draw the inference that he was insane or had lost his mental capacity.

Section 6.1 of the Act was amended in 1990. The amendments pertinent to this matter state that a person may file a claim within one year of the removal of any legal disability. The historical and statutory notes to the amended section state that the amendments apply to all claims pending or filed after July 1, 1990. However, even if this case were reviewed under the 1990 amendments, Mr. McDonald would nevertheless be barred from proceeding. Mr. McDonald has not provided any evidence that he was under any legal disability, such as being declared a disabled person pursuant to the Illinois Probate Act, or anything of that nature. As a result, his claim must be viewed as having been filed more than two years

after the occurrence of the crime and is, therefore, untimely.

Based on the foregoing, it is hereby ordered that Claimant's petition for extension of time be, and is, hereby denied.